JOHNSON, J.
would grant this writ application, for the following reasons.
| ,In 1985, a Caddo Parish jury found relator guilty of first degree murder and sentenced him to death. In this current writ application, relator argued multiple claims of ineffective assistance of counsel, i.e., that trial counsel lacked sufficient experience to mount an adequate defense. Under the standard for ineffective assistance of counsel set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), adopted by this Court in State v. Washington, 491 So.2d 1337, 1339 (La.1986), a reviewing court must reverse a conviction if the defendant establishes that (1) counsel’s performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) counsel’s inadequate performance prejudiced defendant to the extent that the trial was rendered unfair, and the verdict suspect.
Relator was represented at trial by two appointed attorneys, Wm. Paul Lawrence and Kim LaVigne. Neither attorney possessed significant criminal defense 12experience before representing relator. Lawrence had been admitted to practice law in Louisiana for seven years, but practiced in the area of oil and gas, and had never tried a single case, civil or criminal, before a jury.
Ms. LaVigne had never tried a jury case before her appointment. She had met with defendant once, at a motion hearing, and did not recall having a face-to-face meeting with him again before the penalty phase of his trial. Ms. LaVigne had absolutely no experience in criminal defense work, and admitted that she did not know how to conduct an investigation or find and prepare mitigation witnesses for the penalty phase of the trial.
While a review of the record demonstrated evidence legally sufficient to sustain defendant’s conviction for first degree murder at the guilty phase of the trial, the same cannot be said for the penalty phase. A defendant at the penalty phase of a capital trial is entitled to the assistance of a reasonably competent attorney acting as a diligent, conscientious advocate for his life. State v. Fuller, 454 So.2d 119, 124 (La.1984); State v. Berry, 430 So.2d 1005, 1007 (La.1983); State v. Myles, 389 So.2d 12, 28 (La.1980) (on reh’g). The role of an attorney at a capital sentencing proceeding resembles his role at trial in that he must “ensure that the adversarial testing process works to produce a just result....” Burger v. Kemp, 483 U.S. 776, 788-89, 107 S.Ct. 3114, 3122-26, 97 L.Ed.2d 638 (1987). When a defendant challenges the effectiveness of his counsel at the penalty phase, the Court must determine whether there is a reasonable probability that, absent counsel’s errors, the jury would have concluded that the balance of aggravating and mitigating circumstances did not warrant death. State v. Sanders, 93-0001, pp. 25-26 (La.11/30/94), 648 So.2d 1272, 1291 (La.1994).
| sThis Court has set out the appropriate analysis for evaluating claims of ineffective assistance at the penalty phase of a capital trial when the claimed omissions of counsel concern potential mitigating evidence. Under that analysis, the Court:
*298 must first determine whether a reasonable investigation would have uncovered mitigating evidence. If such evidence existed, then we must consider whether counsel had a tactical reason for failing to put the evidence before the jury. If the failure to present mitigating evidence was not a tactical decision but reflects failure by counsel to adequately advocate for his client’s cause, defendant must still have suffered actual prejudice before relief will be granted.
State v. Hamilton, 92-2639, p. 6 (La.7/1/97), 699 So.2d 29, 32 (citing State v. Brooks, 94-2438 (La.10/15/95), 661 So.2d 1333; State v. Sanders, 93-0001 (La.11/30/94), 648 So.2d 1272).
Given what Ms. LaVigne perceived as the unavailability of any funding for investigation beyond the $500.00 already allocated by the court which the defense had used at the guilt phase, she made little effort to conduct any investigation into relator’s upbringing in California. At the post-conviction hearing, penalty phase counsel, Ms. LaVigne, having absolutely no experience in criminal defense, discussed her unfamiliarity with presenting a case in mitigation as follows:
You know, I just didn’t know how to do that. I had never done that before. The work I had done up to that point was just, you know, when did you step on your brake, you know. Was the light red or green? How did you feel at the time of impact? And it was more of a factual presentation of information. And I had just never done anything like this where you are trying to create a picture of someone.
Ultimately, with the exception of relator’s father, Ms. LaVigne failed to secure the presence of any witnesses who had known relator before he moved to Shreveport in 1980, and the witnesses presented on behalf of the defense did little to make him |4appear sympathetic for the jury. Ms. LaVigne presumed that relator’s father would be her best witness, but his testimony revealed that he did not participate in relator’s upbringing and had little contact with him since he grew up in California and was raised by his grandparents; thus, his father did not present the kind of emotional plea Ms. LaVigne had expected. Moreover, Ms. LaVigne stated that by the end of his testimony, the positive information relator’s father provided about relator was cancelled out by the negative.
Ms. LaVigne’s complete unfamiliarity with capital litigation and her lack of experience in presenting a mitigation case resulted in a breakdown of the adversarial process which rendered the death penalty unreliable. Except for relator’s father, from whom he had been largely estranged most of his life, counsel not only failed to present any witnesses who had known relator for much more than three years before the crime, but also, failed to have prepared them to testify at the sentencing hearing of a capital case.
Given her failure to investigate and/or prepare witnesses, relator has demonstrated that trial counsel failed the task of “acting as a diligent, conscientious advocate for [relator’s] life.” State v. Sanders, 93-0001, p. 25 (La.11/30/94), 648 So.2d 1272, 1291. Because of this deficient performance by defense counsel, defendant suffered actual prejudice.
I would affirm the conviction, and remand for re-sentencing.